488 A.2d 319

**COMMONWEALTH of Pennsylvania**

v.

**Robert TURNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Feb. 13, 1985.

---

82

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele M. Barthold, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CERCONE, President Judge, and HESTER and WIEAND, JJ.

CERCONE, President Judge:

Appellant was convicted in Philadelphia Municipal Court of violating Section 6106 of the Crimes Code, 18 Pa.C.S. § 6106 (Firearms not to be carried without a license) and sentenced to one year non-reporting probation and payment of a $60 fine. He filed a timely petition for a writ of certiorari to the Court of Common Pleas which subsequently denied the petition and thereby affirmed the Municipal Court's judgment of sentence. This appeal followed.

■ Crimes Code Section 6106 reads in part:

(a) Offense defined.—No person shall carry a firearm in any vehicle or concealed on or about his person except in his place of abode or fixed place of business, without a license therefor as provided in this subchapter.

(b) Exceptions.—The provisions of subsection (a) of this section shall not apply to:

.  .  .  .  .

18 Pa.C.S.A. § 6106(a) & (b). Subsection (b) goes on to enumerate ten exceptions to subsection (a). We have previously held that the exceptions in subsection (b) are not elements of the offense which the Commonwealth must prove beyond a reasonable doubt if a conviction is to be sustained, but are rather affirmative defenses which must be proven by the accused. *See Commonwealth v. Hughes,* 268 Pa.Superior Ct. 536, 408 A.2d 1132 (1979). On the other hand, the Supreme Court has held that lack of a license for the firearm in question is an essential element of the offense proscribed by Crimes Code Section 6106 and the

burdens of proof and persuasion lie on the Commonwealth. *See Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975). And *see In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). *Cf. Commonwealth v. Stoffan,* 228 Pa.Superior Ct. 127, 323 A.2d 318 (1974). *But cf. Commonwealth v. Bigelow, supra,* (Lack of license not essential element of offense proscribed by 18 Pa.C.S. § 6108 "Carrying firearms on public streets or public property in Philadelphia"). The question presented on appeal, however, deals with neither of those two lines of cases. Rather, appellant contends that the Commonwealth bears the burden of proving that the unlicensed firearm found in his possession was found on him outside his "place of abode or fixed place of business." See 18 Pa.C.S. § 6106(a).

Appellant argues that "except in his place of abode" should be read as a material element of the offense just as "without a license" was read in *Commonwealth v. McNeil, supra.* And he argues that the Commonwealth did not make out its case against him because it failed to present any evidence in its case in chief that he was not in his "place of abode" when found with the prohibited firearm. He contends the Municipal Court should have granted his demurrer to the evidence based on this contention. Finally he argues that the trial judge improperly took "judicial notice" that he was not in his "place of abode" when found with the gun based on information contained in the record but not introduced into evidence or adduced at trial. The Commonwealth responds that "place of abode" should be construed to be an affirmative defense and not an essential element of the crime as defined in Section 6106(a), and that the burden therefore should rest on the accused. It further argues that by presenting a defense appellant waived the demurrer, but that such an argument on appeal will be treated as an attack on the sufficiency of the evidence. *See Commonwealth v. Ilgenfritz,* 466 Pa. 345, 353 A.2d 387 (1976). And the Commonwealth contends that the evidence adduced at trial was sufficient to sustain the verdict.

Primary among the rules of statutory construction is that our goal in considering the statute before us is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S. § 1921(a). And *see Commonwealth v. Bigelow*, 484 Pa. 476, 399 A.2d 392 (1979); *Commonwealth v. Hughes, supra*. We are rightly called upon to use a common sense approach, construing words and phrases according to their common usage and the rules of English grammar. 1 Pa. C.S. § 1903(a). There is a presumption that the Legislature did not intend a result that is absurd, unconstitutional or impossible of execution. 1 Pa.C.S. § 1922(1). Furthermore, penal provisions shall be read strictly in favor of an accused. 1 Pa.C.S. § 1928(b)(1). And *see Commonwealth v. Fisher*, 485 Pa. 8, 400 A.2d 1284 (1979); *Commonwealth v. Darush*, 256 Pa.Superior Ct. 344, 389 A.2d 1156 (1978). We may look to the heading or title of a particular section in construing that section, but that alone will not control. 1 Pa.C.S. § 1924. *Cf., Commonwealth v. Bigelow, supra.* Moreover, "provisions shall be construed to limit rather than to extend the operation of the clauses to which they refer," 1 Pa.C.S. § 1924, and "[e]xceptions expressed in a statute shall be construed to exclude all others." *Id.* We may also look to the *structure* of the statute as an aid in its construction. *See Commonwealth v. McNeil, supra; Commonwealth v. Bigelow, supra.* With these rules of construction as our guide we proceed to the merits of appellant's argument.

In *Commonwealth v. Stoffan*, 228 Pa.Superior Ct. 127, 323 A.2d 318 (1974), this court found *Commonwealth v. Neal*, 78 Pa.Superior Ct. 216 (1922) useful in interpreting certain exemption clauses in the Controlled Substance, Drug, and Cosmetic Act, 35 P.S. § 780–113(a)(14).[1]

"In deciding whether the exemption clauses referred to elements [of charged crimes] this court enunciated the following test:

---

**1.** In *Stoffan*, this court found that a clause beginning with the word "except" did not define a defense but, rather, a necessary element of the crime.

'When a statute defining an offense contains an exception, in the enacting clause, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enought to show that the accused is not within the exception, but if the language of the clause defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused.' " *Neal*, 78 Pa.Superior Ct. at 219, in *Stoffan, supra* 228 Pa.Super. at 140, 323 A.2d at 324.

While this test refers to the wording of an indictment, the question is the same one that is involved in this case, whether a clause phased like an exception states a necessary element of the crime with which the defendant is charged, in which case the burden of proving the exception rests on the Commonwealth.

The *Stoffan* case then proceeds to enumerate four factors which must be considered in this situation where the wording of a statute is involved.

... [T]he wording of the exception and its role in relation to the other words in the statute; whether in light of the situation prompting legislative action, the exception is essential to complete the general prohibition intended; whether the exception makes an excuse or justification for what would otherwise be criminal conduct, *i.e.*, sets forth an affirmative defense; and whether the matter is peculiarly within the knowledge of the defendant. *Id.*, 228 Pa.Superior Ct. at 141, 323 A.2d at 324.

The first of these factors appears to support the interpretation that "except in his place of abode or fixed place of business" constitutes an element of the crime. Subsection (a) of the statute contains the definition of the proscribed

activity. Subsection (b) contains exceptions to that proscription. Looking to the headings of the subsections we see that subsection (a) is styled "Offense defined" whereas subsection (b) is titled "Exceptions." Both the structure of the statute and the subsection headings seem to indicate that "place of abode" is not an exception, and thus the Commonwealth must prove that the offense did not occur in appellant's "place of abode."

Moreover, remembering Section 1924 of the Statutory Construction Act, the expression of the exceptions, clearly delineated such, as in subsection (b), should be read to exclude all other exceptions. Following this line of reasoning, "place of abode" is not an exception to the proscription of Section 6106(a) but rather an element of the offense. This conclusion is bolstered by what this court wrote in *Commonwealth v. Hughes*, where we said:

> [W]e note the language defining the offense in section 6106(a) of the Act clearly, accurately, and fully describes the conduct sought to be punished without resort to subsection (b) of 6106 (Exceptions). Grammatically, section 6106(b) is completely divorced from the more specific provisions of 6106(a) which defines the essential elements of the crime.

*Id.,* 268 Pa.Superior Ct. at 546, 408 A.2d at 1137–1138. Thus it would appear that applying these rules of construction yields the conclusion that the legislature intended that the Commonwealth prove that the offense did not take place in appellant's place of abode.

Nevertheless, this court concludes, as did the trial court, that it was not the intention of the legislature to impose this burden upon the Commonwealth.

■ The heading for section 6106 is "Firearms not to be carried without a license." Even a cursory reading of the title would seem to indicate that the gravamen of the offense is the simple carrying of an unlicensed firearm. Indeed, the Court of Common Pleas so concluded when it considered the question on appellant's petition for writ of certiorari. The fact that the phrase in question is set off by

commas and begins with the word "except" would also tend to indicate that it was meant as a proviso to the definition of the offense rather than as an element thereof, for as the Supreme Court stated in *Commonwealth v. Bigelow:*

Material placed in a proviso is not an element of the crime but rather a matter of defense and need not be either plead or proved by the prosecution. *United States v. Winnicki,* 151 F.2d 56, 58 (7th Cir.1945) and cases cited therein. *Id.,* 484 Pa. at 482–483, 399 A.2d at 395.

The Crimes Code, in Section 103, defines "Material element of an offense" as

[a]n element that does not relate exclusively to the statute of limitations, jurisdiction, venue or to any other matter similarly unconnected with:

(1) the harm or evil incident to conduct, sought to be prevented by the law defining the offense; or

(2) the existence of a justification or excuse for such conduct.

18 Pa.C.S.A. § 103.

In concluding that the "harm or evil ... sought to be prevented" by Section 6106 was the mere possession of an unlicensed firearm regardless of the location, the trial court compared Section 6106 with Sections 6107[2] and 6108[3] of the

---

**2.** § 6107. Prohibited conduct during emergency.

No person shall carry a firearm, rifle or shotgun upon the public streets or upon any public property during an emergency proclaimed by a municipal or State government executive unless that person is:

(1) Actively engaged in a defense of his life or property from peril or threat.

(2) Licensed to carry firearms under section 6109 of this title (relating to licenses) or is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

**3.** § 6108. Carrying firearms on public streets or public property in Philadelphia.

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

Uniform Firearms Act. The most striking distinction between them is that violations of Section 6106 can occur not only on public streets or public property, but on private property. That is, there is a general prohibition against carrying a concealed firearm not only on public streets or property, but in private homes or places of business. Section 6106(a) provides a blanket prohibition against carrying an unlicensed weapon *anywhere*. Thus, this is the "general prohibition intended" by the act; the exception for place of abode is not required to complete it. On the contrary, the exception for "place of abode or fixed place of business" clearly makes "an excuse or justification for what would otherwise be criminal conduct" and, therefore, represents an affirmative defense. The crime is technically committed even if the home is that of a parent, a son or daughter, or any other person with whom the defendant may have had the most close and personal relationship, so long as it is not his own abode; similarly, the crime is committed if the weapon is concealed upon his person while at a business establishment of people with whom he regularly does business, if this is not *his* "fixed place of business". *Commonwealth v. Carr*, 334 Pa.Superior Ct. 459, 483 A.2d 542 (1984).

Finally, the fourth factor in *Stoffan*, "whether the matter is peculiarly within the knowledge of the defendant," also supports the exception as an affirmative defense. Whether a location in which a defendant is found to be carrying a concealed unlicensed firearm is indeed his "place of abode" is often within a defendant's own knowledge. And, in these cases, there is no central accessible record upon which the Commonwealth may draw to determine a defendant's place of abode.[4] The legislature did not intend to place on the Commonwealth the burden of establishing the "place of abode" when only a defendant or the witnesses within his control contains the necessary information.

4. Unlike the Commonwealth's record of licenses to carry firearms. *McNeil, supra.*

Having concluded, then, that the trial court correctly interpreted the charged crime, we turn to appellant's contention that the evidence was insufficient to support his conviction beyond a reasonable doubt. In considering the sufficiency of the evidence to sustain the verdict we must read all the evidence, from whatever source, in the light most favorable to the Commonwealth as verdict winner, drawing all reasonable inferences therefrom likewise favorable to the Commonwealth. *Commonwealth v. Carter*, 304 Pa.Superior Ct. 142, 450 A.2d 142 (1982).

The Commonwealth's only witness, Officer Ryan, testified that he responded to a radio call and went to 2830 North 22nd Street in the City of Philadelphia. Upon arriving there he was waved down by a woman. He proceeded into a beauty shop at that address. At the rear of the shop was a second room used as a residence. He stated that he saw appellant seated there, whom he frisked. The officer found a .22 caliber six-shot revolver in appellant's pocket. Appellant was immediately arrested and subsequently booked. Appellant testified that at the time of his arrest he was living with his paramour in the rear room of the beauty shop, and that his paramour owned the shop. He also testified that after his release from police custody he returned to the North 22nd Street address. On cross-examination he testified that he occasionally stayed at his sister's home at 4639 North 12th Street.[5] He also testified that when he was arrested he gave North 12th Street as his address. Evaluation of a witnesses' credibility is for the finder of fact, who may believe all, part, or none of the testimony before it. *See Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Darush, supra*. Clearly, the trial judge was not obliged to accept appellant's testimony that the residence in which he was arrested was his "place of abode." Just as clearly, the trial judge could have believed appellant when he testified that

---

5. On two occasions during his cross-examination appellant, as found by the trial court on remand by this court for correction of the record, twice misstated the 2830 North 22nd Street address, which caused some confusion.

he stayed with his sister from time to time. Based on these conclusions as to credibility, the trial judge could reasonably have concluded that appellant was found in possession of the pistol outside his "place of abode". Thus, we conclude that the evidence is sufficient to show that appellant was found in possession of this weapon outside of his "place of abode," and that the verdict is therefore sustainable.

Appellant's final contention is that the trial judge erroneously took "judicial notice" of the fact that appellant had listed his address as 4639 N. 12th Street on certain papers contained in appellant's file when he ruled on the demurrer. Because his "place of abode" was not a material element of the offense, taking judicial notice of the address listed on the papers in question was innocuous.

For the above reasons, order denying petition for writ of certiorari and judgment of sentence are affirmed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

Although I acknowledge the great care with which the majority has approached a difficult problem, I must nevertheless dissent. In my judgment it is an essential element of the offense defined at 18 Pa.C.S. § 6106 that possession of an unlicensed firearm occur at a place other than the possessor's "place of abode or fixed place of business." See: *Commonwealth v. Stoffan*, 228 Pa.Super. 127, 323 A.2d 318 (1974). I would hold, therefore, that when there is evidence from whatever source that the defendant's possession of an unlicensed firearm occurred only at his place of abode, the burden is then on the Commonwealth to prove beyond a reasonable doubt that his possession of the unlicensed firearm was criminal, i.e., that possession of the unlicensed firearm occurred at a place that was not his place of abode. See: *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975). See also: *Commonwealth v. Green*, 493 Pa. 409, 426 A.2d 614 (1981); *Commonwealth v. Tyson*, 485 Pa. 344, 402 A.2d 995 (1979); *Commonwealth v. Williams*, 463 Pa. 370, 344 A.2d 877 (1975); *Common-*

*wealth v. Rittle*, 285 Pa.Super. 522, 428 A.2d 168 (1981). In the instant case, the only evidence was that appellant had been in his place of abode when found in possession of an unlicensed firearm. Thus, the Commonwealth failed to prove a violation of 18 Pa.C.S. § 6106(a). I would reverse the judgment of sentence and discharge the appellant.