529 A.2d 15

COMMONWEALTH of Pennsylvania, Appellee,

v

Elyadagaha WALTON, Appellant.

Superior Court of Pennsylvania.

Submitted May 4, 1987.

Filed July 30, 1987.

148

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

Elyadagaha Walton was tried non-jury and was found guilty of violating 18 Pa.C.S. § 6106 (firearms not to be

carried without a license) and 18 Pa.C.S. § 6108 (carrying firearms on public streets in Philadelphia).[1] Oral posttrial motions were made immediately following the finding of guilt and were denied. Walton was sentenced to pay a fine and costs. On direct appeal from the judgment of sentence, Walton contends that the evidence was insufficient to sustain the verdict because "his possession of the firearm occurred while he was performing his duties as a cab driver and had in his possession moneys and property of the cab company for which he was responsible." Therefore, he argues, he was exempt from the licensing provisions of the statute. We disagree and affirm the judgment of sentence.

The Commonwealth's evidence was that at or about 8:40 p.m. on November 20, 1984, Officer Richard Cray observed a Yellow Cab stopped at Second and Westmoreland Streets in Philadelphia. The dome light of the cab was lighted and two men were seated in the cab, one behind and the other beside the driver. Because this was an area in which there had been frequent robberies of taxi drivers, Cray suspected that the driver might be in trouble. He went around the block and pulled up behind the stopped cab. He then suggested that the driver step out of the vehicle. When the driver did so, Cray observed a gun on the front seat, protruding from under a cushion on which the driver had been seated. Elyadagaha Walton, the driver, was employed by Yellow Cab Company. He did not have a license to carry a firearm.[2]

The provisions of 18 Pa.C.S. § 6106(a) make it unlawful to carry a firearm, except in one's place of abode or fixed place of business, without a license. However, 18 Pa.C.S. § 6106(b)(6) creates an exception for "[a]gents, messengers and other employees of common carriers, banks, or business firms, whose duties require them to protect moneys, valuables and other property in the discharge of such duties." Moreover, the provisions of 18 Pa.C.S. § 6108, which make

1. The trial was held before the Court of Common Pleas of Philadelphia County following an appeal by Walton from proceedings in the Philadelphia Municipal Court.

2. It was stipulated that the weapon was operable.

it unlawful to carry a firearm on the public streets in Philadelphia, are inapplicable if the person carrying the firearm "is exempt from licensing under [18 Pa.C.S. § 6106(b)]." Appellant asks that we interpret the language of 18 Pa.C.S. § 6106(b)(6) to exclude taxi drivers from the licensing requirements of 18 Pa.C.S. § 6106(a) and the proscription of 18 Pa.C.S. § 6108. Cab drivers, he argues, are "employees of common carriers ... whose duties require them to protect moneys, valuables and other property in the discharge of their duties." We are constrained to reject this argument.

■ "We have previously held that the exceptions in subsection (b)[3] are not elements of the offense which the Commonwealth must prove beyond a reasonable doubt if a conviction is to be sustained, but are rather affirmative defenses which must be proven by the accused." *Commonwealth v. Turner*, 339 Pa.Super. 81, 83, 488 A.2d 319, 320 (1985). See: *Commonwealth v. Hughes*, 268 Pa.Super. 536, 408 A.2d 1132 (1979). In the instant case, the Commonwealth showed that appellant, a cab driver, possessed an unlicensed, operable firearm while driving a taxicab in Philadelphia. The burden of proof then shifted to appellant to come forward with evidence that he was exempt from the licensing requirement of the statute because he was an employee of a common carrier whose duties required him to protect moneys, valuables, or other property in the discharge of his duties. Appellant failed to meet this burden. Although the duties of an employee are generally established by the contract of employment, 1 P.L.E. *Agency* § 31, in this case there was no evidence of the duties and responsibilities which attached to appellant's employment by Yellow Cab.

■ Appellant contends that we can and should take judicial notice of the fact that cab drivers owe a duty to their employers to protect the vehicle which they drive and the fares which they collect. Although the law of agency imposes upon agents and employees a general duty to

---

**3.** 18 Pa.C.S. § 6106(b).

exercise care in connection with the performance of their duties, cab drivers and other agents are not liable for losses sustained as a result of crimes of robbery. See: 1 P.L.E. *Agency* § 34; 3 C.J.S. *Agency* §§ 297, 302. Agents are not specifically required in the discharge of their duties to protect money or property against robbers and other assailants. The provisions of 18 Pa.C.S. § 6106(b)(6) do not exempt all agents or employees who handle money or work with instrumentalities owned by their employers from the statutory proscription against carrying a firearm without a license. To adopt the general interpretation advanced by appellant would be to sanction the carrying of firearms without a license by all types of employees, including waiters and waitresses, store clerks, bank tellers, train conductors, bus drivers, and theater cashiers. It would allow employees to carry firearms without licenses on occasions when an employer could not. We are instructed, in our search for the intent of the legislature, to presume that the legislature did not intend an absurd result. Instead, we must use a common sense approach. *Commonwealth v. Turner, supra* 339 Pa.Super. at 85, 488 A.2d at 320. See: 1 Pa.C.S. §§ 1903(a), 1921(a), 1922(1). Therefore, we reject the interpretation which appellant urges us to place upon the exception created by the legislature in subsection (b)(6). Such an interpretation would be absurd, for it would allow virtually all employees to carry firearms without licenses.

Instead, we interpret the language "whose duties require them to protect moneys, valuables and other property in the discharge of their duties" to be restrictive. These words limit the applicability of the exception to agents or employees who are hired for the primary purpose of and whose duties are principally related to the protection of money, valuables, and property. The exception includes, but is not necessarily limited to, persons employed as guards, watchmen, protective patrols, and private detectives, who are required in the discharge of their duties to protect money, valuables, and property. The exception does

152

not have broad application to cab drivers.   Therefore, appellant was properly convicted.

The judgment of sentence is affirmed.