565 A.2d 437

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Miquel Antonio LOPEZ, Appellant.**

Supreme Court of Pennsylvania.

Argued April 13, 1989.

Decided Oct. 20, 1989.

Edward R. Edelman, Chief Appellate Counsel and Frank J. Madey, Asst. Public Defender, for appellant.

A. Renee Smith, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

On October 28, 1986, appellant, Miquel Lopez, was convicted by a jury of resisting arrest[1] and of carrying a firearm without a license,[2] and sentenced to two and one-half (2½) to five (5) years imprisonment. On appeal the Superior Court affirmed, 378 Pa.Super. 648, 544 A.2d 1042, relying exclusively on its opinion in *Commonwealth v. Turner*, 339 Pa.Super. 81, 488 A.2d 319 (1985). This Court granted allowance of appeal to examine, as a question of first impression, the sole issue presented by the parties. The issue is whether the condition that the firearm must be

1.  18 Pa.C.S. § 5104.
2.  18 Pa.C.S. § 6106.

in the defendant's possession outside of his place of abode or fixed place of business is an element of the offense which the Commonwealth has the burden of proving.

On the evening of January 3, 1986, the Allentown Police were summoned to resolve a domestic dispute in the 100 block of North Second Street in the city of Allentown. Several officers were dispatched to the premises where they found and ultimately arrested appellant, after a brief struggle.[3] During the struggle, a firearm fell out of appellant's clothing. At trial, appellant unsuccessfully argued that the Commonwealth had the burden of proving, as an element of the offense, that appellant possessed the gun outside his place of abode.

Appellant challenges his conviction on the firearms violation, arguing that the burden of proof was improperly placed upon him as to the issue of whether or not he carried the gun outside his place of abode. He contends that the fact that the firearm was carried outside the place of abode or fixed place of business is an element of the crime which must be proven by the prosecution. Appellant points to the language of section 6106, which, in relevant part, states:

§ 6106. Firearms not to be carried without a license (a) offense defined.—No person shall carry a firearm in any vehicle or concealed on or about his person, *except in his place of abode or fixed place of business*, without a license therefor as provided in this subchapter.,

(b) Exceptions....

(18 Pa.C.S. § 6106 (emphasis added)[4]

**3.** The police initially encountered appellant in the interior of the premises. Appellant made an effort to flee and was apprehended in the yard adjacent to the premises.

**4.** The exceptions are as follows:
(b) Exceptions.—The provisions of subsection (a) of this section shall not apply to:
(1) Constables, sheriffs, prison or jail wardens, or their deputies, policemen of this Commonwealth or its political subdivisions, or other law-enforcement officers.
(2) Members of the army, navy or marine corps of the United States or of the National Guard or organized reserves when on duty.

The trial court, based on the authority of *Turner, supra,* decided that the Commonwealth need not prove that Lopez was not in his "place of abode." [5]   Appellant urges this

(3) The regularly enrolled members of any organization duly organized to purchase or receive such weapons from the United States or from this Commonwealth.

(4) The members of any organization incorporated under the laws of this Commonwealth, engaged in target shooting with rifle, pistol, or revolver, if such members are at or are going to or from their places of assembly or target practice.

(5) Officers or employees of the United States duly authorized to carry a concealed firearm.

(6) Agents, messengers and other employees of common carriers, banks or business firms, whose duties require them to protect moneys, valuables and other property in the discharge of such duties.

(7) Any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person, having in his possession, using or carrying a firearm in the usual or ordinary course of such business.

(8) Any person while carrying a firearm unloaded and in a secure wrapper from the place of purchase to his home or place of business, or to a place of repair or back to his home or place of business, or in moving from one place of abode or business to another.

(9) Persons licensed to hunt or fish in this Commonwealth, if such persons are actually hunting or fishing or are going to the places where they desire to hunt or fish or returning from such places.

(10) Persons training dogs, if such persons are actually training dogs during the regular training season.

*As amended* 1986, July 8, P.L. 442, No. 93, § 2, eff. July 1, 1987.

5. In dismissing the post-trial motion, the trial court stated in a footnote:

The Defendant's Counsel briefed and argued the single post-trial issue, which was that the Commonwealth carries the burden of proving every element of a crime, and that in the instant case the Commonwealth did not establish that the Defendant was carrying a firearm outside of his "place of abode".  This defect was noted at the trial and before the Commonwealth rested, but upon research the case of *Commonwealth v. Turner,* 339 Pa.Super. 81, 488 A.2d 319 (1985), was examined and found to have decided this precise point of law.  The excellent brief of the Commonwealth details the rationale of the Superior Court panel (Judge Wieand dissenting) which in essence, relying upon *Commonwealth v. Stoffan,* 228 Pa.Super. 127, 323 A.2d 318 (19740) [1974], held that because of the nature of the concept of "abode" and because the facts which are needed to establish this issue are peculiarly within the knowledge of the Defendant, the legislature in this instance intended that if one was in his or her abode this would become an affirmative defense, to be

Court to overrule *Turner* and to conclude that the Commonwealth bears the burden of proof that, at the time he possessed the firearm, the accused was not in his place of abode or fixed place of business. We conclude that the fact that the accused carried a firearm outside his home is an element of the offense, and, therefore, the Commonwealth bears the burden of proving it beyond a reasonable doubt.

It is axiomatic that the Commonwealth bears the burden of proving every element of the offense beyond a reasonable doubt. *Commonwealth v. Johnston,* 438 Pa. 485, 263 A.2d 376 (1970). "Under our system of jurisprudence the legislature is charged with the responsibility of defining the elements of crimes." *Commonwealth v. Graves,* 461 Pa. 118, 126, 334 A.2d 661, 665 (1975); *see also Commonwealth v. Wright,* 508 Pa. 25, 31, 494 A.2d 354, 357, *aff'd sub nom. McMillan v. Pa.,* 474 U.S. 815, 106 S.Ct. 58, 88 L.Ed.2d 47 (1985). Thus the focus of our inquiry must be whether or not the phrase "except in his place of abode or fixed place of business" is an element of the offense. The Pennsylvania Crimes Code, 18 Pa.C.S. § 103 defines in pertinent part, an element of an offense as:

Such conduct or such attendant circumstances ... as:
(1) is included in the description of the forbidden conduct in the definition of the offense;

. . . .

Section 6106(a) describes the elements that must be proven by the Commonwealth in order to convict an accused of this offense. The Commonwealth must prove each of the factors listed in the definition: (a) that the weapon was a firearm, *Commonwealth v. Todd,* 477 Pa. 529, 384 A.2d 1215 (1978); (b) that the firearm was unlicensed, *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975); and (c) that where the firearm was concealed on or about the

proved by the Defendant. The trial court is bound to follow the *Turner* decision, and in doing so, must reject the Defendant's contention that a new trial is warranted.
*Commonwealth v. Lopez,* No. 328/1986, slip op. at 2. n. 2 (Court of Common Pleas, Lehigh County, Crim. Div. June 8, 1987).

person, *it must be outside his home or place of business.* This clause is clearly an integral part of the forbidden conduct found in the definition of the offense. The Commonwealth cannot successfully prove a violation of section 6106 without showing that the gun, found on the person, was carried outside the place of abode. *See, e.g., Commonwealth v. Clinton,* 391 Pa. 212, 137 A.2d 463 (1958). This element is just as crucial to the Commonwealth's case as the proof that the weapon was unlicensed, for without such evidence the Commonwealth has not met its burden of proof.

Subsection (b) specifically enumerates certain justifications for carrying a firearm outside one's home or fixed place of business. As recognized by the Superior Court, these exceptions are affirmative defenses, which must be placed in issue by the defendant, and which need not be negated by the prosecutor in its case-in-chief. *See, Commonwealth v. Walton,* 365 Pa.Super. 147, 529 A.2d 15 (1987), *alloc. denied,* 517 Pa. 630, 539 A.2d 811 (1988); *Commonwealth v. Hughes,* 268 Pa.Super. 536, 408 A.2d 1132 (1979). Under the rules of statutory construction, subsection (b) clearly evidences a distinction between the definition of the crime and its exceptions. 1 Pa.C.S. § 1921(b).

In reaching its result in *Turner,* the Superior Court attempted to premise its decision in that case upon the reasoning this Court employed in *Commonwealth v. Bigelow,* 484 Pa. 476, 399 A.2d 392 (1979). That reliance upon this Court's decision in *Commonwealth v. Bigelow, supra,* is clearly misplaced. In *Bigelow,* this Court considered the proper interpretation of section 6108 of the "Firearms & Other Dangerous Articles Act," 18 Pa.C.S. § 6108. At issue in that case was whether the Commonwealth had the burden of proving non-licensure as an element of the offense of "carrying firearms on public streets or public property in Philadelphia." The Act provided:

§ 6108. Carrying firearms on public streets or public property in Philadelphia

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

We concluded that proof of an unlicensed possession was not required as an element of the offense. In so deciding, the rationale offered for that conclusion was:

In section 6108. . . . the material regarding licensure is set off by the word of exception "unless", indicating it is in the nature of a proviso. . . . The purpose of a proviso is to "qualify, restrain or otherwise modify the general language of the enabling provision."

. . . .

Material placed in a proviso is not an element of the crime but rather a matter of defense and need not be either plead or proved by the prosecution.

*Id.* at 482, 399 A.2d at 395 (citations omitted).

This language was relied upon in *Turner* to support the Superior Court's conclusion that the phrase "except in his place of abode or fixed place of business" was a proviso, which must be plead and proved by the defendant. *Turner,* 339 Pa.Super. at 88, 488 A.2d at 322. The error in this conclusion is readily apparent upon consideration and comparison of sections 6106 and 6108. The proviso referred to in *Bigelow* is set off from the text of the definition of the offense, similar to the manner in which subsection (b) of section 6106 is divorced from the definitional section of that offense.

The language of *Bigelow* itself evidences the improper application of that decision by the Superior Court in its interpretation of subsection (a) of section 6106. *Bigelow* specifically states that a proviso *modifies* the general language of the enabling provision. *Bigelow,* 484 Pa. at 482, 399 A.2d at 395, *citing Commonwealth ex rel. Margiotti v.*

*Lawrence,* 326 Pa. 526, 531, 193 A. 46, 48 (1937). According to this reasoning, we conclude the language herein cannot be considered a proviso, but rather is clearly a part of the definition of the offense.

Accordingly, the order of the Superior Court is reversed, the judgment of sentence is vacated, and the matter is remanded for a new trial in accordance with this opinion.

PAPADAKOS, J., files a concurring opinion.

PAPADAKOS, Justice, concurring.

I concur in the result reached in this case but write separately to express my view that today's result effectively overrules *Commonwealth v. Bigelow,* 484 Pa. 476, 399 A.2d 392 (1979).

As I understand the Majority, because Section 6106(a) of the Crimes Code is drafted as one sentence in which is included the following phrase set off by commas, "except in his place of abode or fixed place of business" that phrase is to be read as an element of the crime which must be proven by the Commonwealth.

In *Bigelow,* however, the Court relieved the Commonwealth of the burden of proving whether a person caught with a gun on a city street or building had a license, because that section was contained in a proviso, separated from the main section by a colon, but the two exceptions were all part of the one sentence defining the offense. (18 Pa.C.S. § 6108).

I do not find the Majority's attempt to distinguish *Bigelow* from today's holding very persuasive. Apparently, the Majority is now indicating that the words of exception of Section 6108 are a proviso and are not interpreted as elements of a crime because of the *colon* separating them from the rest of the definitional sentence. This, however, was not the rationale given originally for the Court's interpretation. The Court originally noted in *Bigelow* that the word of exception "unless" conferred proviso status on the

phrase and did not consider the effect of setting the phrase off from the rest of the definitional section with a colon.

Today the words of exception of Section 6106(a) are not given proviso status because they are separated by the rest of the definitional section by *commas*. I simply do not see that a definitional sentence should be read differently depending on whether phrases within the sentence are separated by commas or a colon. Punctuation should not be used to control the intention of the General Assembly and is specifically frowned upon by the Rules of Statutory Construction (1 Pa.C.S.A. § 1923(b)).

In light of the Court's interpretation of Section 6106(a), I believe that *Bigelow* is inconsistent and that it should be reversed so that our case law is uniform.