J-S14014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN BLOSE | : | |
| | : | |
| Appellant | : | No. 1391 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 14, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002206-2019

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 25, 2021**

Nathan Blose appeals from judgment of sentence of forty-two to eighty-four months of imprisonment, which was imposed following his conviction of person not to possess a firearm and firearms not to be carried without a license. We affirm.

On October 3, 2019, Appellant went to the Emergency Room at St. Luke's University Hospital Miners Campus in Coaldale for complaints of back and hip pain. As he was lying face up on the table, Dr. Adam Colombo began his physical examination. The physician was systematically touching Appellant's abdomen when he felt something hard under Appellant's clothing. He lifted Appellant's shirt to see what it was, and he observed the butt of a semiautomatic handgun with a pearlescent handle tucked into Appellant's waistband. *See* N.T., 9/3/20, at 30. Dr. Colombo removed the gun, and upon further examination, he noticed that it was loaded. *Id*. Appellant indicated

that it was a family heirloom. *Id*. at 31. Dr. Colombo called Security and met Security Officer Corey Francis outside the treating room. Following treatment of Appellant, the physician discharged him from care.

After he was discharged, Appellant met with Security Officer Corey Francis. The security officer informed him of the hospital policy regarding firearms and asked him whether he had a license to carry and registration for the weapon. *Id*. at 38. Appellant did not produce the requested license. Officer Francis turned over the handgun to Officer Ryan Oldt of the Coaldale Police Department. Appellant provided his name and date of birth to the police officer, who in turn conveyed the information to the Schuylkill County Communications Center. When he was advised that there were no permits for Appellant to carry a firearm, he took Appellant into custody, retrieved the gun, and transported both to the police station. The gun's serial number was run through the JNET,[1] and no records on the gun were found.

Appellant became irate upon learning that charges would be filed against him for being a person not to carry a firearm. Following his arraignment, as Officer Oldt was handcuffing Appellant for transport, Appellant headbutted him in the forehead, causing him to fall backwards into cabinets. Officer Matthew Jungbaer, who was nearby, grabbed Appellant. They struggled, and the Officer pulled Appellant to the ground and subdued him. *Id*. at 57. Officer

---

[1] The JNET is the Pennsylvania Justice Network, which provides secure access to information from multiple providers through one interface.

Oldt had pain in his shoulder from the altercation and was later examined and treated at the Coaldale Emergency Room.

Barbara Szczyglak of the Schuylkill County Sheriff's Office, responsible for the revocation, issuance, and oversight of licenses to carry loaded and concealed firearms in Schuylkill County, entered Appellant's name and birthdate into the system and confirmed that he did not have a license to carry a gun in that county. *Id*. at 41. Further investigation revealed that Appellant did not have a permit to carry in any county in the Commonwealth of Pennsylvania. *Id*. at 43. Corporal Jesse Oleksa of the Pennsylvania State Police, an expert in firearm and toolmark examination, conducted a function test on the semi-automatic handgun and determined that it was capable of functioning safely to discharge the appropriate type of ammunition. *Id*. at 80, 85. The parties stipulated that Appellant was a person prohibited from possessing a firearm. *Id*. at 94.

Appellant was charged with aggravated assault, simple assault, resisting arrest, person not to possess, and firearms not to be carried without a license. Following a jury trial on September 3, 2020, Appellant was acquitted of aggravated assault, simple assault, and resisting arrest, and convicted of the two firearms violations. Appellant was sentenced as aforesaid on October 14, 2020. He timely appealed and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents two issues for our review:

> A. Whether the jury verdict was entered in error as a matter of law, insufficient, and against the weight of the evidence regarding conviction under Count 2, Possession of Firearm Prohibited, in that

- 3 -

the Commonwealth never established the [Appellant] knowingly, and unlawfully possess[ed] a firearm in that [Appellant] was in and emergency room seeking emergency medical care, and intent was never established.

B. Whether the jury verdict was entered in error as a matter of law, insufficient, and against the weight of evidence regarding conviction of Count 3, Firearms Not to Be Carried Without License in that the Commonwealth never established the [Appellant] was a Commonwealth resident or licensed to carry a firearm in another jurisdiction other than the Commonwealth.

Appellant's brief at 5.

Both of Appellant's issues present challenges to the sufficiency of the evidence supporting his convictions.[2]  The following principles inform our review.

A claim challenging the sufficiency of the evidence is a question of law.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law.  When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Donoughe*, 243 A.3d 980, 985 (Pa.Super. 2020) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted)).

---

[2] Although Appellant also couches his issues in terms of weight of the evidence, he did not file a post-sentence motion presenting a weight challenge.  Hence, his weight claims are waived.  *See Commonwealth v. Bryant*, 57 A.3d 191, 196-197 (Pa.Super. 2012).

As to the person not to possess charge, Appellant contends that the Commonwealth failed to prove that he possessed the firearm, which is an essential element of the offense. *See Commonwealth v. Antidormi*, 95 A.3d 275 (Pa.Super. 2014). He argues that there was no proof that he intended to control the firearm and had knowledge of its presence, and relies upon *Commonwealth v. Gladden*, 311 A.2d 711 (Pa.Super. 1973), and *Commonwealth v. Yaple*, 273 A.2d 346 (Pa.Super. 1970), for the proposition that knowledge must be demonstrated. Appellant's claim lacks merit for the reasons that follow.

Appellant was convicted of violating 18 Pa.C.S. § 6105, "Person not to possess, use, manufacture control, sell or transfer firearms." That section provides in pertinent part:

(a) Offense defined

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1). It was stipulated that he was a person not to possess a firearm because he had a conviction for an offense listed in subsection (b), and that more than sixty days had passed since that conviction. The only element requiring proof was that Appellant possessed a firearm.

Appellant's contention that the Commonwealth failed to prove possession is belied by the record. The law is well-settled that "possession

- 5 -

can be found by proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa.Super. 2018). It is only when a defendant is not in actual possession of the prohibited item that the Commonwealth must resort to proof of constructive possession to support the conviction. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa.Super. 2013). We have defined constructive possession as conscious dominion," meaning that the defendant has "the power to control the contraband and the intent to exercise that control," and it may be established by the totality of the circumstances." ***Id***.

There was no need to resort to constructive possession in this case as Appellant had actual possession of the gun. As the trial court correctly noted, "[t]here was ample evidence for the jury to conclude that [Appellant] possessed a gun because a gun was found on his person, stuck in his waistband, underneath his clothing. The [Appellant] had actual possession of the gun." Trial Court Opinion, 12/21/20, at 5. We note further that defense counsel argued at trial that Appellant was in so much pain that he was unaware there was a gun on his person. The jury apparently rejected that scenario, and Appellant wisely does not reassert that argument on appeal. No relief is due.

Appellant's second sufficiency challenge fares no better. He relies upon ***Commonwealth v. Parker***, 847 A.2d 745 (Pa.Super 2004), for the proposition that a conviction under 18 Pa.C.S. § 1606(a) requires proof that

(a) the weapon was a firearm; (b) the firearm was unlicensed; and (c) that where the firearm was concealed on or about the person, it was outside his home or place of business. Appellant contends that the Commonwealth failed to prove where he lived, and that the firearm was unlicensed in that jurisdiction. He maintains that although Deputy Sheriff Szczglak testified that all search devices encompassed the Commonwealth of Pennsylvania, there was no proof that the search extended beyond Pennsylvania to other states. Appellant's brief at 19. In short, Appellant argues that the Commonwealth failed to prove that the gun was not licensed in another jurisdiction, and that this was an element of the offense. For the following reasons, Appellant's claim fails.

Title 18 Pa.C.S. § 6106 (a)(1) reads as follows:

§ 6106. Firearms not to be carried without a license

(a) Offense defined -

> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1). Subsection (b) lists sixteen exceptions to Pennsylvania's permit requirement, one of which is directly implicated by Appellant's argument:

> (15) Any person who possesses a valid and lawfully issued license or permit to carry a firearm which has been issued under the laws of another state, regardless of whether a reciprocity agreement

exists between the Commonwealth and the state under section 6109(k), provided:

> (i) The state provides a reciprocal privilege for individuals licensed to carry firearms under section 6109.
>
> (ii) The Attorney General has determined that the firearm laws of the state are similar to the firearm laws of this Commonwealth.

18 Pa.C.S. § 6106(b).

In **Commonwealth v. Walton**, 529 A.2d 15 (Pa.Super. 1987), this Court reaffirmed **Commonwealth v Hughes**, 408 A.2d 1132, 1138 (Pa.Super. 1979), holding that the exceptions listed in subsection (b) are not elements of the offense which the Commonwealth must prove beyond a reasonable doubt, but rather affirmative defenses that must be proven by the accused. **See also Commonwealth v. Lopez**, 565 A.2d 437, 439 (Pa. 1989) (holding that the phrase "except in his place of abode or fixed place of business" was an element of § 6106 but that subsection (b)'s exceptions were affirmative defenses that the defendant was required to place at issue).

Thus, the Commonwealth was not required to offer proof as to Appellant's state of residence and that he did not fall within the exception in subsection (15) for persons who possess a valid permit to carry a firearm which has been issued under the laws of another state as these were not elements of the offense. If, indeed, Appellant possessed a valid permit from

another jurisdiction, that was an affirmative defense that he was required to assert and prove.[3]

      For these reasons, Appellant's claims merit no relief.

      Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/25/2021

---

[3] In **Commonwealth v. Anderson**, ___A.3d___, 2021 Pa. Super. Unpub. LEXIS 758, *21 (Pa.Super. March 19, 2021) (non-precedential decision), this Court recently cited **Commonwealth v. Walton**, 529 A.2d 15 (Pa.Super. 1987), for the proposition that subsection 6106(b) exceptions are affirmative defenses, not elements of the offense.