J-S16010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELVIS ANTONE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 883 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 21, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002532-2022

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: OCTOBER 7, 2025**

Elvis Antone Williams appeals from the judgment of sentence, entered in the Court of Common Pleas of York County, following his conviction on one count of possession of a firearm without a license.[1]

We rely on the trial court's recitation of the relevant facts:

On March 9, 2022, [Williams] was in a vehicle driven by someone else that was pulled over by Pennsylvania State Police [(PSP)] Trooper Michael Graybill.  At the time of the stop, the driver of the

_____

[1] The statute reads, in relevant part, as follows:

(a)  Offense defined.--

* * *

(2)  A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle . . . without a valid and lawfully issued license . . . commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6106(a)(2).

vehicle was taken into custody for other reasons, but [Williams] was released. [Trooper Graybill] impounded the vehicle[ and, after a subsequent search, guns were found in the vehicle]. At that time, Williams informed Trooper Graybill that he had a large sum of money in the vehicle. Trooper Graybill stated that [Williams] would need to report to the [PSP] station to verify the legitimacy of the funds found in the vehicle. [Williams] returned to the PSP station and verified the legitimacy of his money. At that time, he admitted to Trooper Graybill that one of the guns found in the vehicle belonged to him. [Williams] is *not* a person prohibited from possessing a firearm; however, he failed to have the appropriate license to carry at the time of the vehicle stop.

Trial Court Opinion, 8/19/24, at 2 (emphasis in original).

At a non-jury trial[2] held on February 26, 2024, Williams' counsel argued that he was exempt from prosecution under subsection 6106(a) because he fit into a delineated exception under subsection 6106(b)(6). Under the subsection, "[a]gents, messengers[,] and other employees of common carriers, banks, or business firms, whose duties require them to protect mon[ie]s, valuables[,] and other property in the discharge of such duties" may carry firearms without a license. *See* 18 Pa.C.S.A. § 6106(b)(6). While Williams did not testify, his counsel proffered that Williams owned his own trucking business and was "safely transport[ing] $20,000 cash so that he c[ould] buy a vehicle for his business." N.T. Non-Jury Trial, 2/26/24, at 144-

---

[2] Williams' trial proceeded in front of a jury until the conclusion of the Commonwealth's case-in-chief. Thereafter, following discussions between the Commonwealth and Williams' counsel, Williams waived his right to a jury, and the Commonwealth and Williams' counsel requested the trial court "make a finding of guilt based upon the evidence that has been presented to this point." N.T. Non-Jury Trial, 2/26/24, at 153-54. The trial court then found Williams guilty at the close of evidence and after hearing closing arguments. *Id.* at 164.

45. His counsel maintained that, because Williams was transporting a large sum of money to make a purchase for his business, he was, therefore, acting as an agent of a business, carrying out a duty to protect money. The trial court disagreed with Williams' counsel's interpretation and held that, following applicable case law, Williams would have to prove that protecting money or property was his primary job or duty for the company.

After the conclusion of the trial, the trial court found Willams guilty of the above-stated offense. Following the guilty verdict, the trial court ordered a pre-sentence investigation report (PSI) and deferred sentencing. On May 21, 2024, the trial court sentenced Williams to one year of probation. Williams filed a timely notice of appeal, and both Williams and the trial court have complied with Pa.R.A.P. 1925.

Williams raises two issues for our review:

1. Did the [trial] court err in construing an exception to 18 Pa.C.S.[A.] §[]6106 not to apply to [] Williams unless he could establish that his *primary* duties as an agent of his business required him to "protect mon[ie]s, valuables[,] and other property in the discharge of such duties" where no such qualification appears in the statute creating the exception?

2. In the alternative, should Williams' conviction and judgment of sentence be vacated where the statute under which he was convicted is facially unconstitutional and thus void under the United States and Pennsylvania Constitutions pursuant to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*[, 597 U.S. 1 (2022)]?

Appellant's Brief, at 4.

Williams first argues that the lower court erred in requiring him to prove that "his *primary* duty was the protection of money, valuables, and other

- 3 -

property" to qualify for the exception under subsection 6106(b)(6). *Id.* at 11. Williams posits that the trial court erred in its interpretation of subsection 6106(b)(6) and should have found that it applied to him because, at the time of the offense, he was acting as "an agent of [his] business, [] carry[ing] a firearm in conjunction with his duty of purchasing a truck for the business, and the firearm was necessary to protect the large quantity of cash he possessed for the purpose of purchasing the truck." Appellant's Brief, at 14 (footnote omitted). The trial court, quoting **Commonwealth v. Walton**, 529 A.2d 15, 17 (Pa. Super. 1987), construed the exception as "restrictive" and limited to "agents [or] employes who are hired for the *primary* purpose of[,] and whose duties are principally related to[,] protection of money, valuables[,] and property." N.T. Non-Jury Trial, 2/26/24, at 146 (emphasis added). Williams claims that the court improperly construed the statutory language where subsection 6106(b)(6) does not use the word "primary" to qualify an employee's duty. **See** Appellant's Brief, at 16 ("Instead, it applies simply to those 'whose duties require them to protect mone[ie]s, valuables[,] and other property in the discharge of such duties.'") (quoting 18 Pa.C.S.A. § 6106(b)(6)). Thus, Williams believes the **Walton** court erred by "add[ing], by interpretation, a requirement not included by the General Assembly." Appellant's Brief, at 16 (quoting **Commonwealth v. Giulian**, 141 A.3d 1262, 1268 (Pa. 2016)).

Further, Williams argues that this Court "reached a more refined interpretation of subsection 6106(b)(6) in **Commonwealth v Scott**, 176 A.3d

- 4 -

283 (Pa. Super. 2017)." Appellant's Brief, at 17. There, according to Williams, this Court held that the subsection 6106(b)(6) exception applies "if the concealed carrying of the firearm occurs in the discharge of their duties." **Id.** (quoting **Scott**, 176 A.3d at 288 (internal quotation marks omitted)). Williams avers that **Scott** and **Commonwealth v. Anderson**, 251 A.3d 1252 (Pa. Super. 2021) (Table), another recent case that analyzed a claim under subsection 6106(b)(6) without determining whether the employee's duty was their "primary" duty, indicate that "this Court has moved toward the **Scott** interpretation of [s]ubsection 6106(b)(6) and away from the ["primary duty"] interpretation in **Walton**." Appellant's Brief, at 18.

With regard to statutory interpretation, our standard of review is well-settled:

> Statutory interpretation is a question of law, therefore[,] our standard of review is *de novo*, and our scope of review is plenary. In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S.A § 1501 et seq., which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.
>
> Generally, a statute's plain language provides the best indication of legislative intent. We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution[,] or unreasonable. [**See**] 1 Pa.C.S.A § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning.

*Commonwealth v. Macik*, 319 A.3d 529, 535 (Pa. Super. 2024) (quoting *Commonwealth v. Torres–Kuilan*, 156 A.3d 1229, 1231 (Pa. Super. 2017) (internal quotation marks omitted)).

The exception in subsection 6106(b)(6) that Williams claims should have applied to him states:

> **(b) Exceptions.**--The provisions of subsection (a) shall not apply to:
>
> * * *
>
> (6) Agents, messengers[,] and other employees of common carriers, banks, or business firms, whose duties require them to protect mon[ie]s, valuables[,] and other property in the discharge of such duties.

18 Pa.C.S.A. § 6106(b)(6).

The trial court opines that it correctly interpreted subsection 6106(b)(6) by following *Walton* and limiting "the applicability of the exception 'to agents or employees who are hired for the *primary* purpose of and whose duties are principally related to the protection of money, valuables, and property.'" Trial Court Opinion, 8/19/24, at 9 (quoting *Walton*, 529 A.2d at 17). While the trial court did not address the impact of *Scott* and *Anderson* on the holding in *Walton*, the Commonwealth avers that neither case calls *Walton* into question. *See* Commonwealth's Brief, at 16. Instead, the Commonwealth claims that that both cases ratify and extend *Walton* into a conjunctive test: "subsection 6106(b)(6) permits an individual to carry a concealed firearm only: (1) if his or her employment qualifies under the subsection; and (2) he or she carries a concealed firearm while discharging his or her duty to protect

- 6 -

money, valuables[,] and other property." **See id.** at 19; **see also id.** at 15 (quoting **Scott**, 176 A.3d at 288-89). We agree with the trial court and find that Appellant's first claim merits no relief.

In both **Scott** and **Anderson**, this Court did not revisit its holding in **Walton** and the requirement that the agent's duty to protect money, valuables or other property be their primary duty in order to be exempted under subsection 6106(b)(6). Instead, in both cases, this Court held that the agent/employee at issue did not qualify for the exemption because he was not carrying a concealed firearm while discharging his duty. **See Anderson**, 251 A.3d at *8 ("Here, [a]ppellant did not carry a concealed firearm while discharging his duty[.]"); **see also Scott** 176 A.3d at 289 ("[the appellant] failed to establish that he was carrying the concealed firearm in the discharge of his duties") (internal quotation marks omitted omitted).

Accordingly, we do not believe the trial court erred in construing subsection 6106(b)(6) to require Williams to show that he was carrying a concealed weapon while performing a primary duty of his job. The trial court applied binding precedent that has not been overruled or explicitly altered by subsequent decisions of this Court.[3] Therefore, Williams' first claim does not merit relief.

---

[3] In fact, both **Scott** and **Anderson** cite **Walton**, though for a different legal principle than what is before us now. **See Scott**, 176 A.3d at 289, n.8 (citing **Walton** regarding burden on defendant to prove affirmative defenses); **see also Anderson**, 251 A.3d at *7 (same).

Williams' next argument is that, following the United States Supreme Court's decision in **Bruen**, subsection 6106(a)(2) is unconstitutional under the United States and Pennsylvania Constitutions. He avers that, under **Bruen**, a challenged statute that burdens Second Amendment rights must be "consistent with the Nation's historical tradition of firearm regulation." Appellant's Brief, at 23 (quoting **Bruen**, 597 U.S. at 24). Williams posits that the "vehicle component" of subsection 6106(a)(2)[4] burdens protected conduct and has no well-established and representative historical analogue that would render it consistent with our Nation's historical tradition of firearm regulation. **See** Appellant's Brief, at 24. Additionally, Williams argues that subsection 6106(a)(2) violates Article I, Section 21 of the Pennsylvania Constitution, which, he claims, provides "greater protection than its federal counterpart." Appellant's Brief, at 32-35 (citing **Commonwealth v. Edmunds**, 586 A.2d 887 (Pa. 1991)).

Williams' second claim is without merit. This Court has taken up the constitutionality of subsection 6106(a)(2) under **Bruen** on several occasions; each time, we have upheld the constitutionality of 6106(a)(2)'s general license requirement as well as the "vehicle component," i.e., its specific application to the concealed carry of a firearm within a vehicle. **See Commonwealth v. Williams**, 2025 WL 1803272, --- A.3d ---- (Pa. Super. July 1, 2025) (finding constitutional subsection 6106(a)(2)'s application to concealed carry of

---

[4] **See supra** at n.1.

firearm within vehicle based upon historical analogues); ***see also Commonwealth v. Mead***, 326 A.3d 1006 (Pa. Super. 2024) (finding conviction under subsection 6106(a) does not violate constitutional rights); ***Commonwealth v. Jenkins***, 328 A.3d 1076 (Pa. Super. 2024) (rejecting argument that Article 1, Section 21 of the Pennsylvania Constitution offers "heightened protection to one's right to bear arms").  Accordingly, we affirm Williams' judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/07/2025