336 A.2d 279

**Elizabeth K. McCLOSKEY, Appellant,**

**v.**

**Thomas D. McCLOSKEY, Appellee.**

Supreme Court of Pennsylvania.

Argued March 14, 1975.

Decided April 17, 1975.

268

Edwin P. Rome, Philadelphia, for appellant.

Bernard Chanin, Howard Gittis, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from a final decree in equity which dissolved a preliminary injunction issued against appellant.

The facts surrounding this appeal are as follows. In April of 1974, the parties to this appeal, Elizabeth K. McCloskey (appellant) and Thomas D. McCloskey (appellee), separated because of marital difficulties. Appellee moved from his family residence in the Philadelphia area to Florida, and on December 30, 1974, he filed for divorce in Palm Beach County, Florida. On January 2,

1975, appellant filed a petition seeking a preliminary injunction against her husband from proceeding for a divorce in Florida. The Court of Common Pleas of Philadelphia, after taking of testimony, issued the preliminary injunction and by agreement of counsel stated that in two weeks the court would make a final decision as to whether the injunction should be dissolved or made permanent. On February 7, 1975, the chancellor dissolved the preliminary injunction.[1] This appeal followed.

The sole issue raised in this appeal is whether the chancellor erred in finding that appellee had, by his evidence, established a bona fide Florida domicile.

■ Domicile has been defined by this court on many occasions to mean residence in the place where domicile is claimed and an intent to reside permanently in the location. See *Stambaugh v. Stambaugh*, 458 Pa. 147, 329 A.2d 483 (1974), see also *Stottlemyer v. Stottlemyer,* —— Pa. ——, 329 A.2d 892 (1974). With the above definition in mind, we must now examine the record in the instant case and determine whether appellee has met the above test.

■ To support his claim of Florida domicile, appellee testified that since April of 1974 he has resided in Palm Beach County, Florida, except for short absences for business trips, and has purchased a condominium home in Florida. Appellee testified that he has large-scale business holdings in Florida and that he decided to move to Florida for this reason, as well as to be next to his eldest son, who is active in appellee's business and also resides in Florida. In addition, appellee took those mechanical steps that evidence an intention to reside permanently in Florida. He registered to vote there, opened bank accounts, and filed a Declaration of Domicile in the

1. On February 14, 1975, appellant, by her Florida counsel, moved that the Florida court dismiss appellee's action for divorce on the grounds that appellee had not satisfied the six-month Florida residency requirement. That motion is still pending.

State of Florida, which obligated him to pay Florida taxes on his income.

To rebut appellee's evidence, appellant offered the following evidence in support of her position that appellee was not a bona fide Florida domiciliary: Appellant proved that appellee maintained a large business operation in the Philadelphia area, bank accounts in Philadelphia, along with a personal secretary and other indicia of Pennsylvania residency. Moreover, appellant points out that at the hearing on January 24, 1974, appellee, Thomas D. McCloskey, stated on cross examination that he told his children he intended to return to Philadelphia after he obtained his divorce. However, appellee, Thomas D. McCloskey, further stated that he had also told his children that he would not return to Philadelphia.

Accepting appellant's evidence, as did the court below, we are convinced that appellee has established a bona fide Florida domicile.

While appellant established that appellee continued his many business contacts with Pennsylvania, this does not negate a finding of Florida domicile. The nature of appellee's vast business holdings in Pennsylvania requires that he maintain many contacts with Pennsylvania while domiciled in Florida. If appellant's argument were to prevail, a person with extensive business holdings in Pennsylvania could not change his domicile to another state without liquidating his holdings in Pennsylvania. Such a proposition would be unfair and unjust. See *Stambaugh v. Stambaugh, supra, Smith v. Smith,* 364 Pa. 1, 70 A.2d 630 (1950).

Decree affirmed. Costs to be borne by appellant.

ROBERTS, J., dissents believing that the record does not support the chancellor's determination of domicile.