**COMMONWEALTH of Pennsylvania**

**v.**

**Javier S. ORTIZ, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 6, 1997.

Filed Nov. 24, 1997.

Reargument Denied Feb. 6, 1998.

---

Allison W. Stoudt, Asst. Dist. Atty., Reading, for Com., appellant.

Don Bailey, Harrisburg, for appellee.

Before McEWEN, President Judge, and BECK, J., and CERCONE, President Judge Emeritus.

BECK, Judge.

We address the definition of the phrase, "place of abode," as used in criminal statute, Firearms Not to be Carried Without a License, 18 Pa.C.S. § 6106(a).[1]

The Commonwealth of Pennsylvania appeals from an order granting defendant-appellee habeas corpus relief by dismissing the count in the information charging appellee with carrying a firearm without a license, in violation of 18 Pa.C.S. § 6106(a).

Because 18 Pa.C.S. § 6106(a) excepts from culpability a person who possesses an unlicensed firearm in his or her "place of abode," the issue before us is whether the rear, fenced-in yard of a three story apartment building constitutes a tenant's "place of abode" within the meaning of 18 Pa.C.S. § 6106(a). We conclude that the statutory phrase, "place of abode," does encompass the yard of appellee's apartment building, and therefore affirm the trial court's order dismissing the count in the information charging appellee with a violation of 18 Pa.C.S. § 6106(a).

The relevant facts of this case are undisputed. Officer David Anderson of the Reading Police Department received a complaint that two Hispanic males were drinking and playing with a handgun in the back of a three-story apartment building located in Berks County, Pennsylvania. Upon arriving on the scene, Anderson noticed two men in the rear, fenced-in yard of the apartment building. Anderson approached appellee, who was one of the men, and asked him

where the gun was. Appellee replied that the gun was in his front pants pocket. Anderson then retrieved a .22 caliber silver handgun with a black handle from appellee's pants pocket.

Anderson then retrieved a .22 caliber silver handgun with a black handle from appellee's pants pocket. When Anderson asked appellee if he had a license to carry the gun, he answered that he did not. Although the serial number on the handgun had been scratched off, an evidence technician of the Reading Bureau of Police later discovered that the serial number was # 263131, and that the gun was registered to a Lester Hollenbach, who confirmed that it was his gun, but claimed that it had been missing for over a year.

Subsequently, appellee was charged with violation of the following statutes: Firearms Not to be Carried Without a License, 18 Pa.C.S. § 6106(a), and Altering or Obliterating Marks of Identification, 18 Pa.C.S. § 6117(a). In response to appellee's motion, the trial court found that the Commonwealth had failed to provide sufficient *prima facie* evidence to support the charge of Firearms Not To Be Carried Without A License and issued a writ of habeas corpus dismissing this count. In so holding, the trial court determined that the yard of the apartment building in which appellee lived constituted part of his "place of abode" within the meaning of 18 Pa.C.S. § 6106(a), and therefore appellee could not have violated the statute. The Commonwealth has now appealed from the trial court's order.

■■■ A trial court's order granting a defendant pre-trial habeas relief is immediately appealable by the Commonwealth. *Commonwealth v. Saunders*, 456 Pa.Super. 741, 691 A.2d 946, 948 (1997); *Commonwealth v. Karlson*, 449 Pa.Super. 378, 381 n. 3, 674 A.2d 249, 251 n. 3 (1996). A trial court's decision to grant a petition for a writ of habeas corpus will be reversed on appeal only for a manifest abuse of discretion. *Saunders*, 456 Pa.Super. at 744–46, 691 A.2d

---

1. 18 Pa.C.S. § 6106(a) provides that, "[a]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or

fixed place of business, without a valid and lawfully issued license under this chapter commits a felony in the third degree." 18 Pa.C.S. § 6106(a).

at 948; *Karlson*, 449 Pa.Super. at 381, 674 A.2d at 250–251.

In its appeal, the Commonwealth argues that the statutory phrase, "place of abode," should not include the property surrounding or upon which a building or structure sits, and that the trial court thus erred in dismissing the information charging appellee with Firearms Not to be Carried Without a License, 18 Pa.C.S. § 6106(a). Because "place of abode" is not defined in § 6106(a) or our case law, we look to the Statutory Construction Act, the canons of statutory construction, enacted by our legislature in order to interpret this phrase. *See* 1 Pa.C.S. §§ 1901 *et seq.*

Section 1921 of the Statutory Construction Act first provides that, "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). This section further states, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." § 1921(b).[2]

Black's Law Dictionary defines "place of abode" as "[o]ne's residence or domicile." *Black's Law Dictionary* 1149 (6th ed.1991). "Residence" is defined as the "[p]lace where one actually lives or has his home; a person's dwelling place or habitation," and "domicile" is defined as "[t]he established, fixed, permanent, or ordinary dwelling place or place of residence of a person, as distinguished from his temporary and transient, though actual, place of residence." *Id.* at 1308, 485. In

addition, Black's Law Dictionary defines "place" as "any locality, limited by boundaries, however large or however small," and defines "abode" as "[o]ne's home; habitation; place of dwelling or residence." *Id.* at 1148, 9. The trial court, upon reviewing these definitions, concluded that "place of abode" was not ambiguous, and construed the phrase to mean the locality of one's residence limited by boundaries.

■ Coupling our review of the definitions of these words contained in Black's Law Dictionary with our general understanding of the common meaning of the phrase, "place of abode," we agree with the trial court's conclusion that the phrase is not ambiguous, and that the meaning of the phrase must be gleaned from the words, themselves, and not from the litany of factors set forth in § 1921(c). We hold that the trial court's definition that "place of abode" means the locality of one's residence limited by boundaries is the correct interpretation of that phrase.

■ Having held that "place of abode" encompasses the locality of one's residence limited by boundaries, we must next ascertain whether the rear fenced-in yard of the apartment building in which appellee was a tenant was his place of abode. Because the appellee was on the property of the apartment building in which he resided when he possessed the unlicensed handgun, and because the property was limited by boundaries, in this case a fence, we answer this question in the affirmative.[3]

---

2. The statute also contains rules of construction where the language is not explicit:
   (c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering among other matters:
   1. *The occasion and necessity for the statute.*
   2. *The circumstances under which it was enacted.*
   3. *The mischief to be remedied.*
   4. *The object to be attained.*
   5. *The former law, if any, including other statutes upon the same or similar subjects.*
   6. *The consequences of a particular interpretation.*
   7. *The contemporaneous legislative history.*
   8. *Legislative and administrative interpretations of such statute.*

1 Pa.C.S. § 1921(c). *See Commonwealth v. Lopez,* 444 Pa.Super. 206, 210, 663 A.2d 746, 748 (1995). The Act also provides that "[w]ords and phrases shall be construed ... according to their common and approved usage." 1 Pa.C.S. § 1903(a).

3. Indeed, even if a fence did not exist in this case, we find that the property lines, alone, would be sufficient to form the requisite boundaries. While the dissent agrees with our characterization of "place of abode" as the locality of one's residence limited by boundaries, the dissent would not extend those boundaries to include the "backyard of an apartment complex." Dissenting Statement at 649. However, in this case, appellant resided in one of three apartments into which a row home was divided. We

The Commonwealth argues that because appellee may have shared his yard with other tenants of the apartment building and could not exclude all others from using the yard, the statutory definition of place of abode does not include the yard. We disagree and point out that in addition to excepting from culpability a person who possesses an unlicensed handgun at his or her "place of abode," the statute also excludes from culpability a person who possesses an unlicensed handgun at his or her "fixed place of business." 18 Pa.C.S. § 6106(a). Under the Commonwealth's reasoning anyone who possessed an unlicensed handgun at his or her "fixed place of business," but who also shared the place of business with other co-workers, could never be excepted from culpability under § 6106(a). Such a result would be nonsensical.

Since we find that appellee was at his "place of abode" while he possessed the handgun without a license, we find that the trial court was correct in concluding that the Commonwealth failed to present sufficient *prima facie* evidence to support the charge of Firearms Not To Be Carried Without A License. *See Commonwealth v. Lopez,* 523 Pa. 126, 132, 565 A.2d 437, 440 (1989)(possession outside a person's place of abode or fixed place of business is an element of § 6016(a)). We therefore affirm the trial court's dismissal of count one of the information charging appellee with a violation of 18 Pa.C.S. § 6016(a).

Order affirmed.

CERCONE, President Judge Emeritus, filed a Dissenting Statement.

CERCONE, President Judge Emeritus, dissenting.

I write separately to convey my dissent as to the majority's holding due to the fact that I do not believe that the backyard of a three-story apartment building can be characterized as the "place of abode" of appellee, a second floor tenant. Accordingly, I would remand this matter to the trial court for a determination of whether appellee violated 18 Pa.C.S.A. § 6106(a), Firearms Not to be Carried Without a License.

I agree with the majority's reasoning that "place of abode" is defined as "the locality of one's residence limited by boundaries," but I cannot agree that the fenced-in yard of an apartment building sets those boundaries. Majority opinion at 648. I view the backyard of an apartment complex the same as I would the laundry room, storage area, mail room, hallway and foyer—a common area. Generally, a tenant's lease defines these areas as common spaces while also determining the specific unit that the tenant has rented for his housing. Specifically, the "housing unit," or better stated, "the apartment," is the tenant's private domain. In this "private domain," the tenant may permit access to those he chooses to invite. Except for some conditional entries of the landlord set forth in the lease agreement, *i.e.,* permission to enter to show the apartment to a prospective tenant, maintenance of the premises, and emergency circumstances, fire, flooding, gas leak etc., the tenant generally has exclusive control of this "domain."

Otherwise, the common areas are designated generally in the lease as open and available to all residents as well as their invited guests. Accordingly, as the common areas of an apartment complex are shared by one and by all, I do not agree with the majority's holding giving appellee any special "possessory interest" in the backyard. It appears as though the majority holds steadfast to the fact that the yard in this case was fenced-in, thereby setting the boundaries of the abode. I query as to whether the fence is needed at all. Are the property lines in and of themselves enough to establish the "boundary" under the majority's holding? I suggest that this question would be answered in the affirmative. I cannot believe that the legislature anticipated or intended this interpretation of 18 Pa.C.S.A. § 6106, Firearms Not to be

do not consider the building in which appellant lived to be an "apartment complex." Instead, we view it as a single house partitioned into a few apartments. We express no opinion as to whether the yard of a large hypothetical apartment complex, consisting of several hundred apartments, a common lobby, laundry room or mail room, would qualify as a tenant's "place of abode," within the meaning of 18 Pa.C.S. § 6016(a).

Carried Without a License, in relation to a residential community.[1]

However, I would distinguish this interpretation as it pertains to a single-family dwelling. In that circumstance the depiction of a home as "one's castle" rings true in the sense that the entire structure as well as the surrounding property is the homeowner's domain. The owner can choose whom he wishes to invite onto the property. Thus, a homeowner carrying an unlicensed firearm in his own backyard would not and does not violate 18 Pa.C.S.A. § 6106(a) since this is his curtilage on which he is standing.[2] *Compare Commonwealth v. Beattie,* 411 Pa.Super. 177, 185, 601 A.2d 297, 301 (1991)(conviction for disorderly conduct reversed where police officer confronted appellant at the top of his private driveway, which is not open to the public, and "his residence is a private dwelling, not an apartment building," to which the public or a substantial group, as required by the statute, do not have access. 18 Pa.C.S.A. § 5503).

In the instant matter, I do not and cannot believe that the legislature intended "place of abode" to be defined under 18 Pa.C.S.A. § 6106(a) as broadly as the majority does today in reference to an apartment dwelling. Therefore, I would remand this matter to the trial court so as to permit the Commonwealth to prove its *prima facie* case against appellee under the pertinent statute, 18 Pa.C.S.A. § 6106. *See Commonwealth v. Lopez,* 523 Pa. 126, 565 A.2d 437 (1989)(Commonwealth carries burden of proving that defendant possessed firearm outside his place of abode).

Thus, I dissent and would remand for further proceedings.

---

1. As anticipated, the majority would view the property lines of the backyard as sufficient markings to establish the boundaries of the apartment building involved in this case. The majority emphasizes that because this is a row house that has been converted into three (3) separate apartments that this multiple residential unit is not quite the same as a larger apartment complex. I am bewildered as to how this distinction would vary the legal significance of a common backyard no matter the size of the multiple unit facility. Since the majority expresses no opinion as to the legal ramifications of 18 Pa.C.S.A. § 6106 in a larger residential complex, I question the legal import of the majority decision in this matter. An apartment is an apartment. I would not wander into a legal abyss of attempting to determine how many units are necessary before Section 6106 would effectuate a different result.

2. Curtilage is defined as "[a] piece of ground commonly used with the dwelling house. A small piece of land, not necessarily inclosed, around the dwelling house, and generally includes the buildings used for domestic purposes in the conduct of family affairs. A courtyard or the space of ground adjoining the dwelling house necessary and convenient and habitually used for family purposes and the carrying on of domestic employments. A piece of ground within the common inclosure, belonging to a dwelling house, and enjoyed with it for its more convenient occupation." *Black's Law Dictionary* 346 (5th ed.1979).