738 A.2d 403

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Javier S. ORTIZ, Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 19, 1998.

Decided Aug. 18, 1999.

474

Mark C. Baldwin, Dist. Atty., Allison W. Stoudt, Asst. Dist. Atty., for Com.

John E. Gainer, for Ortiz.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

CASTILLE, Justice.

The issue before this Court is whether the Superior Court correctly held that an enclosed backyard of an apartment building constitutes the "place of abode" of one of the tenants for the purposes of 18 Pa.C.S. § 6106(a), which provides: "[e]xcept as otherwise provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except *in his place of abode* or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." (Emphasis added).[1] For the reasons that follow, we reverse the Superior Court and remand this matter for trial.

On April 21, 1996, appellee Javier Ortiz was arrested and charged with violating 18 Pa.C.S. § 6106(a), Firearms Not To

---

1. Paragraph (2) of § 6106 is not applicable to this case.

Be Carried Without a License, and 18 Pa.C.S. § 6117(a), Altering or Obliterating Marks of Identification. Appellee filed a Motion to Quash the Information. At a hearing on the motion, the parties stipulated that appellee leases an apartment on the second floor of the building located at 1023 North Front Street, a three-apartment row home with a fenced backyard. The parties also stipulated, for the purposes of the motion hearing only, that appellee was in the backyard at the time the gun was taken from his possession.

The trial court granted the motion in part, dismissing the charge of violating 18 Pa.C.S. § 6106(a), on the grounds that appellee was in his "place of abode." The trial court set forth the following facts:

> On April 21, 1996, Officer David Anderson of the Reading Police Department was dispatched to 1023 N. Front Street, Reading, Berks County, Pennsylvania in regards to two Hispanic males playing with a handgun. Officer Anderson arrived at the location, a three-story apartment building, and noticed two men in a rear, fenced-in yard. Officer Anderson approached [appellee], who lived in the second floor apartment, and asked where the gun was. [Appellee] answered that it was in his front pants pocket. The Officer then retrieved a .22 caliber silver handgun with a black handle. [Appellee] next stated that he did not have a license to carry the gun. The serial number, which had been scratched off, was retrieved by an evidence technician of the Reading Bureau of Police. The serial number was discovered to be # 263131. This gun was registered to a Lester Hollenbach. Mr. Hollenbach stated that is was his gun, that he had not been able to locate it, and that it had been missing for approximately one year.

Trial Court Opinion at 1–2.

The Commonwealth appealed and the Superior Court, in a published opinion, affirmed. *Commonwealth v. Ortiz*, 704 A.2d 646 (Pa.Super.1997). We granted allocatur to determine whether the Superior Court erred in defining "place of abode" to include a shared backyard of an apartment building.

■ When interpreting a statute, words that are not defined in the statute shall be construed according to their common and approved usage. 1 Pa.C.S. § 1903(a). Black's Law Dictionary defines "place of abode" as "one's residence or domicile." BLACK'S LAW DICTIONARY 1149 (6 th Edition 1991). Black's further defines domicile as "a person's legal home," BLACK'S LAW DICTIONARY 485, and residence as a "place where one actually lives or has a home; a person's dwelling place or place of habitation; an abode; house where one's home is; a dwelling house." BLACK'S LAW DICTIONARY 1309. Finally, Black's defines dwelling as "the *house or other structure* in which a person or persons live; a residence; abode; habitation; the *apartment* or building, or group of buildings, occupied by a family as a place of residence. *Structure* used as a place of habitation." BLACK'S LAW DICTIONARY 505 (emphasis added). In addition, the Dictionary of Modern American Usage defines "place of abode" as "a pretentious way of referring to someone's *home* or *house*." THE DICTIONARY OF MODERN AMERICAN USAGE 5 (1998) (emphasis in original).

■ It is clear from these definitions that the common meaning of "place of abode" is the actual house or apartment of a person. It does not include common areas to which a person has a right of access but which are shared with others who have a similar right of access. The backyard in question is not in the exclusive control of appellee or in the control of others over whom appellee has control. The fact that the backyard in this case is shared with the tenants of only two other apartments does not in any way diminish the fact that it is not appellee's personal space. The shared backyard of the apartment house in which appellee's apartment is located is no more appellee's "place of abode" than is a tenant's shared elevator or fitness center in a high-rise apartment complex.

Jurisdictions that have addressed the issue of whether handgun licensing exceptions for residences extend to the common areas of apartment complexes have reached the same conclusion. *Clark v. State,* 49 Ark. 174, 4 S.W. 658 (1887) (tenant on stairway outside leased premises was not "upon his own premises"); *State v. Sealy,* 208 Conn. 689, 546 A.2d 271

(1988) (common area outside defendant's third floor apartment in building with two apartments was not defendant's "dwelling or abode"); *Hines v. United States*, 326 A.2d 247 (D.C.1974) (defendant on porch of apartment building is not "in his dwelling house ... or on other land possessed by him"); *White v. United States*, 283 A.2d 21 (D.C.1971) (defendant in common area of apartment building is not "in his dwelling house ... or on other land possessed by him"); *Doerr v. State*, 351 So.2d 56 (Fla.Dist.Ct.App.1977) (shared driveway at apartment complex was not within common law exception for carrying a concealed firearm within one's home); *People v. Wilson*, 29 Ill.App.3d 1033, 332 N.E.2d 6 (1975) (defendant in elevator of apartment building is not "on his land or in his own abode"); *State v. Davidson*, 217 N.W.2d 630 (Iowa 1974) (defendant in hallway of 33–unit building is not "in his own dwelling house ... or other land possessed by him"); *Commonwealth v. Dunphy*, 377 Mass. 453, 386 N.E.2d 1036 (1979) (implied exception to firearms license requirement for individual inside his residence does not extend to backyard of apartment building); *Commonwealth v. Seay*, 376 Mass. 735, 383 N.E.2d 828 (1978) (implied exception to firearms license requirement for individual inside his residence does not extend to common areas over which the individual lacks exclusive control); *State v. McNeill*, 78 N.C.App. 514, 337 S.E.2d 172 (1985) (defendant in hallway of duplex is not "within his own home"); *In re Samuel P.*, 626 A.2d 224 (R.I.1993) ("dwelling house exception to firearms license requirement is inapplicable to common areas of a tenement over which the defendant lacks exclusive control"); *Bryant v. State*, 508 S.W.2d 103 (Tex.Crim.App.1974) (common parking lot for apartment complex is not "one's own premises").

Although none of these cases involved statutes using the term "place of abode," the reasoning is equally applicable to the statute at issue here. In each case, the court held that the dwelling house exception was only applicable where the defendant had exclusive control of the area in which he or she possessed the weapon. Therefore, regardless of whether the statutory exception applied only within the defendant's house

or extended to land within the possession of the defendant, the courts declined to extend the exception to common areas of multi-tenant buildings. The federal courts have also recognized the "common sense distinction between places of abode, such as apartments, and common hallways." *United States v. Holland,* 755 F.2d 253 (2d Cir.), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2657, 86 L.Ed.2d 274 (1985) (the common hallway of a building with two apartments was not tenant's home).

Pa.C.S. § 6106(a) provides that an individual may carry a concealed firearm when he is *in his place of abode,* not near his place of abode or outside his place of abode.[2] Appellee was not in his apartment or other area over which he had exclusive control, but was in a common area outside the building in which his apartment is located. Because appellee was not in his place of abode at the time the firearm was allegedly taken from him, the trial court erred in quashing the indictment for violating 18 Pa.C.S. § 6106(a).

For the foregoing reasons, we reverse the order of the Superior Court and remand to the trial court for further proceedings consistent with this opinion.

---

**2.** We do not decide whether a person violated Pa.C.S. § 6106(a) when he is outside his house or apartment in an area over which he has exclusive control.