744 A.2d 1272

**In re RESIDENCE HEARING BEFORE the BOARD OF SCHOOL DIRECTORS, CUMBERLAND VALLEY SCHOOL DISTRICT, T. Toe Thane and Phyu K. Thane.**

**Appeal of Cumberland Valley School District Board of Directors.**

Supreme Court of Pennsylvania.

Argued Nov. 15, 1999.

Decided Jan. 20, 2000.

Richard C. Snelbaker, Snelbaker, Brenneman & Spare, Mechanicsburg, Paul L. Stevens, Sweet, Stevens, Tucker & Katz, Doylestown, for Cumberland Valley School Dist.

Vivian B. Narehood, Gibbel, Kraybill & Hess, Lancaster, for T. Toe and Phyu K. Thane.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal by allowance from orders of Commonwealth Court which affirmed orders of the Court of Common Pleas of Cumberland County and the Pennsylvania Department of Education, Bureau of Special Education Due Process Appeals Review Panel. Those orders held the Cumberland Valley School District (Cumberland District) responsible for providing education for a student, Lynn Thane, who had recently moved into the district. At issue is whether Lynn is a resident of the Cumberland District. On the record pre-

sented, we hold that the courts below properly determined that Lynn is a resident of that district.

The appellees, Dr. T. Toe Thane and Phyu K. Thane, husband and wife respectively, are the parents of two boys, Wynn and Lynn Thane. In August of 1995, Dr. and Mrs. Thane decided that Mrs. Thane would, along with both boys, move from the family home in Chambersburg, Franklin County, to a townhouse in Hampden Township, Cumberland County. The purpose of the move was to live closer to Harrisburg Academy, where Wynn was to attend a private school. Lynn moved as well, because Mrs. Thane is his primary caregiver. Because Lynn requires special education, he was enrolled in an appropriate school in the Cumberland District.

Mrs. Thane moved the boys' clothing, furniture, and possessions to the townhouse. Her intention was to maintain this arrangement for seven years, at which time Wynn would graduate from Harrisburg Academy. Mrs. Thane, along with Wynn and Lynn, spent Monday through Friday and alternate weekends at the townhouse. Other weekends and most vacations were spent in Chambersburg. At the townhouse, Mrs. Thane received mail and phone calls from the school district. She also paid certain personal taxes to Hampden Township, and changed her voter registration and driver's license address accordingly.

In October of 1995, Lynn suffered a deterioration in his mental health, due to Tourette's syndrome. As a result, he was hospitalized for several weeks during October and November. Subsequently, after seeking expert advice, Dr. and Mrs. Thane enrolled Lynn at a private school for children with learning disabilities. That school, the Pathway School (Pathway), is located in Montgomery County. The Thanes requested that the Cumberland District pay the Pathway tuition, pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1485.

In May of 1996, the Cumberland District notified the Thanes that Lynn had never been a resident of that district, and, thus he was not entitled to any educational benefits. The

district refused, therefore, to pay any tuition for Lynn to attend Pathway. The Thanes took an appeal to the board of school directors. An evidentiary hearing was held, and the decision of the district was affirmed. The board reasoned that the townhouse in Cumberland County was a temporary residence for Mrs. Thane and her two sons, that it existed only for their temporary convenience, and that the Thanes had no intention of making it their primary residence.

The Public School Code of 1949, 24 P.S. § 13–1302, states that "[a] child shall be considered a resident of the school district in which his parents or the guardian of his person *resides*." (Emphasis added). The board, in determining that Lynn was not a resident of Cumberland County, interpreted the statutory term "resides" as referring to the custodial parent's primary residence. The board concluded that primary residence and domicile are largely equivalents for purposes of 24 P.S. § 13–1302, supra, and, thus, that because Mrs. Thane was domiciled in Chambersburg, she was not a resident of Cumberland County. The board reasoned that to define "resides" as requiring something less than being "domiciled" would lead to a questionable result, for it might enable children to claim residency in their choice of school districts, and it would burden school districts by permitting parents to send their children to schools in districts where they do not pay property taxes.

The Thanes took an appeal of the board's decision to the court of common pleas, whereupon the board's decision was reversed on the basis that the board erroneously interpreted the term "resides." The court reasoned that the meaning of that term corresponds with the classical definition of "residence," which, it stated, is "a factual place of abode evidenced by a person's physical presence in a particular place." Noting that as a general rule a minor has the same residence as the parent with whom he lives, the court concluded that Mrs. Thane, and thus Lynn, had a residence in the Cumberland District. In an opinion that examined the extensive factual record pertaining to the contacts that Mrs. Thane maintained with both Chambersburg and the Cumberland District, the

court determined that a residence had in fact been established in the latter district.

An appeal to Commonwealth Court ensued. That court affirmed, in relevant part, on the basis of the comprehensive opinion of the court of common pleas.* We granted allowance of appeal to review the interpretation accorded by the courts below to the statutory term "resides" rather than for the purpose of engaging in an extensive factual review of the record, inasmuch as the opinion of the court of common pleas amply set forth that record.

■ The courts below properly interpreted the term "resides" as it is used in the Public School Code of 1949, 24 P.S. § 13–1302, supra. The term refers to a place where the custodial parent maintains a residence, and, contrary to the board's view, it need not be a primary residence or domicile. The legislature, in enacting section 1302, is presumed to have known the common meanings of the terms "residence" and "domicile." Indeed, words in a statute must be construed in accordance with their common and approved usage. Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a). In choosing the term "resides" rather than terms such as "has a primary residence" or "is domiciled" in the school district, the legislature did not require that parents do anything more than reside in a school district in order to enroll their children in the local public schools.

The opinion of the court of common pleas, which Commonwealth Court adopted and affirmed insofar as this issue is concerned, aptly analyzed the law regarding residence and domicile as applied to the school code, stating:

---

* Commonwealth Court did, however, vacate a portion of the common pleas court's order that remanded to the board for a determination of whether the education that Lynn received in the Cumberland District was suitable under the Individuals with Disabilities Education Act, supra, and whether reimbursement of tuition paid to Pathway was appropriate, inasmuch as Commonwealth Court separately affirmed the determination of those matters by the Pennsylvania Department of Education, Bureau of Special Education Due Process Appeals Review Panel in *Cumberland Valley School District v. Lynn T.*, 725 A.2d 215 (Pa.Cmwlth.1999).

"The courts of this Commonwealth have historically recognized the classic definitions of the words domicile and residence." *Norman v. Pennsylvania National Ins. Co.*, [453 Pa.Super. 569, 574], 684 A.2d 189, 191 (1996), quoting *Amica Mutual Ins. Co. v. Donegal Mutual Ins. Co.*, 376 Pa.Super. 109, 115, 545 A.2d 343, 346 (1988). "Domicile [is] that place where [people have their] true, fixed and permanent home and principal establishment, and to which whenever [they are] absent [they have] the intention of returning." *Id.* "Residence," in contrast, is "a factual place of abode" evidenced by a person's physical presence in a particular place. *Id.*

In enacting the School Code, the legislature chose to use the terms "resident" and "resides," not "primary residence" or "domicile," the terms favored by the Board.... The section of the School Code at issue in this case uses the terms "resident" and "resides" without any refinements. There is, therefore, nothing in the School Code which indicates that the terms "resident" and "resides" should be given special meanings beyond their classic definitions. We are constrained to conclude, therefore, that the Board was mistaken in determining that the terms "resident" and "resides" should be interpreted as "primary residence" and having an import in the nature of "domicile."

This analysis is a correct application of the established law regarding residence and domicile. As we stated in *Lesker Case*, 377 Pa. 411, 418, 105 A.2d 376, 380 (1954), "in strict technical terminology a *habitation* may be defined as an abode for the moment, *residence* a tarrying place for some specific purpose of business or pleasure, and *domicile* the fixed, permanent, final home to which one always intends to return." (Emphasis in original). Accord *Commonwealth v. Ortiz*, 558 Pa. 473, 738 A.2d 403, 405 (1999) (residence defined as a place where one lives or has a home); *Petition of Prendergast*, 543 Pa. 498, 506, 673 A.2d 324, 327 (1996) (domicile defined as the place at which an individual has fixed his family home and principal establishment for an indefinite period of time.);

*McCloskey v. McCloskey,* 461 Pa. 267, 269, 336 A.2d 279, 280 (1975) (domicile as the location where one intends to permanently reside); *DuPuy Estate,* 373 Pa. 423, 427, 96 A.2d 318, 319–20 (1953) (differentiating residence, meaning physical presence in a location, from permanent legal residence, to wit, domicile).

Hence, the courts below properly construed the school code's use of the term "resides." Appellant's contention that the legislature meant to equate residence with domicile is without basis.

■ Utilizing the classic definition of "residence" to interpret "resident" and "resides" in the school code, the courts below concluded that Mrs. Thane had been a resident of the Cumberland District since August of 1995. The record shows that, at that time, Mrs. Thane moved with her two children to the leased townhouse in Cumberland county. She does not merely visit the townhouse. Rather, she and the children actually live there. They stay there during the days and sleep there at night. Mail and phone calls are received there. Clothing, books, and supplies are kept there as well. All of these facts reveal that Mrs. Thane and her two sons live at the townhouse and are, therefore, residents of the Cumberland District. Commonwealth Court properly affirmed, therefore, the decisions below that residency in the district was established.

Orders affirmed.