J-S03015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVNIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN PATRICK JOHNSON, JR. | : | |
| | : | |
| Appellant | : | No. 130 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 7, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000242-2023

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED: April 10, 2025**

Shawn Patrick Johnson, Jr. appeals from the judgment of sentence entered after he was convicted of flight to avoid apprehension, firearms not to be carried without a license, criminal attempt–escape, three counts of resisting arrest, and evading arrest or detention on foot.[1]  We affirm.

Mr. Johnson was charged with the above crimes following an incident on April 27, 2023.  He proceeded to a jury trial.

At trial, three members of the Pennsylvania State Police testified that they responded to a property in Venango County for a report of a possible overdose.  Troopers Luke Behe and Nathan Hannah arrived first and saw Mr. Johnson slumped over the steering wheel in a car at the end of the driveway.  Trooper Behe knocked on the window to awaken Mr. Johnson.  Mr. Johnson

_____

[1] **See** 18 Pa.C.S. §§ 5126(a), 6106(a)(1), 901(a) and 5121(a), 5104, and 5104.2(a), respectively.

said he was fine. He denied having weapons in the car. Trooper Behe returned to his patrol vehicle to verify Mr. Johnson's identity, which revealed active felony arrest warrants for Mr. Johnson from Beaver County.

Corporal Keith Johnson arrived on scene while the Troopers were telling Mr. Johnson about the warrants. The officers informed Mr. Johnson that Beaver County wanted them to take him into custody, and they asked him to step out of the vehicle. Mr. Johnson said he was lightheaded and needed a minute. The officers waited, and then Corporal Johnson told Mr. Johnson to please get out of the car.

Mr. Johnson slowly stood up and then abruptly tried to run. The officers grabbed him. Mr. Johnson resisted being handcuffed, while the officers used OC (pepper) spray and a taser to no avail. During the struggle, Trooper Hannah felt a firearm in Mr. Johnson's pocket and announced that there was a pistol. Mr. Johnson said, "No I don't," and then, "Do I have my gun on me? I didn't know." Trooper Hannah was able to remove and discard the gun. Mr. Johnson continued to resist. After five minutes, the officers overpowered Mr. Johnson and took him into custody.

Mr. Johnson testified that he was living at the property with his girlfriend, her grandmother, and his child. He explained that he had driven to the end of the driveway to sleep after an argument with his girlfriend. Mr. Johnson stated that the end of the driveway was about 100 or 150 yards from the house. He denied knowing that the gun was in his pocket and said he thought he had placed it on the passenger seat when he reached the end of

the driveway. Mr. Johnson acknowledged resisting the officers for about five minutes but stated that he had started away from the car as a flight-or-fight response.

The jury found Mr. Johnson guilty. On December 7, 2023, the trial court sentenced Mr. Johnson to concurrent terms of imprisonment, for an aggregate sentence of 18 months to 4 years. Mr. Johnson filed a timely post-sentence motion, which the trial court denied.

Mr. Johnson timely appealed. On March 4, 2024, Mr. Johnson, through counsel, filed a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). The trial court entered an opinion on March 25, 2024. **See** Pa.R.A.P. 1925(a). Mr. Johnson then submitted a *pro se* request for relief, challenging counsel's stewardship. This Court remanded for a hearing to determine whether Mr. Johnson wished to proceed with counsel or *pro se*.

On remand, the trial court determined that Mr. Johnson desired to proceed with appellate counsel. The court granted an extension to amend or supplement Mr. Johnson's Rule 1925(b) statement. On July 26, 2024, Mr. Johnson, through counsel, filed an amended Rule 1925(b) statement. The trial court entered a supplemental opinion on July 30, 2024.

Mr. Johnson presents the following issues for review:

Insufficient evidence existed to convict Mr. Johnson of Flight to Avoid Apprehension, Firearms Not to be Carried Without a License, and Criminal Attempt - Escape.

The sentence in this case was manifestly excessive and clearly unreasonable in [its] total length.

The trial court erred in failing to give a voluntary intoxication instruction to the jury.

Mr. Johnson's Brief at 4.[2]

## Sufficiency of the Evidence

In his first issue, Mr. Johnson challenges the sufficiency of the evidence to sustain three of his convictions. For these claims, "our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Peters***, 320 A.3d 1231, 1236 (Pa. Super. 2024) (*en banc*). This Court has explained:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

***Commonwealth v. Boyd***, 320 A.3d 151, 155 (Pa. Super. 2024).

To preserve a sufficiency challenge for review, an appellant must specify not just which crimes but also which elements he is contesting on appeal. ***Commonwealth v. Freeman***, 128 A.3d 1231, 1248 (Pa. Super. 2015). In his Rule 1925(b) statement, Mr. Johnson identified three challenged crimes

---

[2] The Commonwealth did not file a brief. This failure is "unacceptable." ***Commonwealth v. Blango***, 327 A.3d 670, 673 (Pa. Super. 2024).

and listed several factual allegations, but he did not state which elements of each crime could not be proven. Nonetheless, because the trial court was able to address Mr. Johnson's general issues, we will address the merits of Mr. Johnson's challenges to each of the crimes, in the order he presents them.

*Flight to avoid apprehension, trial or punishment*

Our legislature defines the offense of flight to avoid apprehension, trial or punishment as follows:

> A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S. § 5126(a).

Mr. Johnson argues that he never left the property and therefore did not violate this law meant to "criminalize behavior where a person moves out of an area to hide from law enforcement." Mr. Johnson's Brief at 11. We disagree.

Under the Statutory Construction Act, our object is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). The statutory text is clear: a person is guilty of flight if he willfully "moves" to avoid apprehension. This language is not limited to relocation or a change of domicile, and it does not require a person to cross property lines.

- 5 -

Here, the evidence was sufficient to convict Mr. Johnson of flight because he started to run away from the car, trying to avoid an arrest.

*Criminal attempt–escape*

A criminal attempt occurs when a person, "with intent to commit a specific crime, . . . does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). The crime of escape is defined: "A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 Pa.C.S. § 5121(a). Notably, "official detention" includes "arrest" as well as "any other detention for law enforcement purposes." 18 Pa.C.S. § 5121(e). Therefore, a person is in official detention when a uniformed officer approaches him, tells him not to run, and informs him of a warrant for his arrest. ***Commonwealth v. Fountain***, 811 A.2d 24, 27 (Pa. Super. 2002), *abrogated on different grounds as noted in* ***Commonwealth v. Dantzler***, 135 A.3d 1109, 1112 n.5 (Pa. Super. 2016) (*en banc*). This is true even if the officer does not specifically tell the person that he is under arrest. ***Id.***

Mr. Johnson argues he did not "remove himself from official detention" because he did not successfully break away from law enforcement and stayed on the property. However, Mr. Johnson was charged with attempted escape, not the completed offense of escape. The jury could find that Mr. Johnson intended to escape and took a substantial step towards escaping. Mr. Johnson took several steps from the car and resisted being arrested for about five

minutes before police could fully restrain him. Thus, the evidence was sufficient to prove the attempted crime charged.

*Firearms not to be carried without a license*

The Uniform Firearms Act generally prohibits the concealed carrying of a firearm without a license. 18 Pa.C.S. § 6106(a)(1). The statute includes an exception for a person carrying a firearm "in his place of abode or fixed place of business." ***Id.***

Mr. Johnson argues that he did not know that he was carrying the gun, noting that he never used it in his struggle with the officers. Furthermore, he contends that he was "in his place of abode" while in the car on the driveway and at other places on his property. Without citing any authority, Mr. Johnson asserts that one's place of abode comprises both a house and its "curtilage."

Contrary to Mr. Johnson's argument, the statute does not require proof that a person ***knew*** that he was carrying a firearm. Rather, because the statutory text does not prescribe a mental state, "[t]he Commonwealth must establish that every element of this crime, including concealment, was done intentionally, knowingly, or recklessly." ***Commonwealth v. Montgomery***, 192 A.3d 1198, 1200 (Pa. Super. 2018), *aff'd*, 234 A.3d 523 (Pa. 2020); ***see*** 18 Pa.C.S. § 302(c). Here, Mr. Johnson testified that he thought he took the gun out of his pocket when he got to the end of the driveway, only to realize that he still had the gun when Trooper Hannah felt it. From this testimony, the jury could find that Mr. Johnson disregarded a substantial and unjustifiable

risk that he would have his gun when he got out of the car and tried to escape. **See** 18 Pa.C.S. § 302(b)(3) (defining recklessness).

As to the statutory exception for carrying a firearm in one's "place of abode," the Supreme Court of Pennsylvania defined that term as "the actual house or apartment of a person." **Commonwealth v. Ortiz**, 738 A.2d 403, 405 (Pa. 1999). This does not include areas where a person has a right of access similar to others'. **Id.** Thus, a backyard that an apartment-dweller shared with tenants of two other apartments was not part of his "place of abode." **Id.** Notably, the Court in **Ortiz** expressly reserved ruling on whether a person is in his place of abode "when he is outside his house or apartment in an area over which he has exclusive control." **Id.** at 406 n.2.

Here, Mr. Johnson was not inside "the actual house" where he said he was living with his girlfriend, her grandmother, and his child. He was at the end of the driveway and on other parts of the property. Even if one's "place of abode" includes the "curtilage," there was sufficient evidence for the jury to conclude that the end of the hundred-yard driveway was beyond the house's curtilage and thus outside of Mr. Johnson's place of abode. **Cf. Commonwealth v. Simmen**, 58 A.3d 811, 815–16 (Pa. Super. 2012) (ruling that a driveway was not curtilage for constitutional purposes where a car was in plain view within twenty feet of the road). Because the jury could find that Mr. Johnson carried a firearm outside his place of abode, the evidence is sufficient to sustain his firearm conviction.

Mr. Johnson's first issue fails.

**Discretionary Aspects of Sentence**

In his second issue, Mr. Johnson challenges the discretionary aspects of his sentence. By statute, this Court may review this issue "where it appears that there is a substantial question that the sentence imposed is not appropriate under" the Sentencing Code. 42 Pa.C.S. § 9781(b). Before we can review the merits of a discretionary sentencing issue, we assess whether the appellant has satisfied four requirements:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Lawrence*, 313 A.3d 265, 284 (Pa. Super. 2024).

We determine whether an appellant presents a substantial question on a case-by-case basis. *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (*en banc*). To do so, we read the appellant's Rule 2119(f) statement to assess why the sentence "violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Morrobel*, 311 A.3d 1153, 1157 (Pa. Super. 2024) (quoting *Commonwealth v. Hill*, 66 A.3d 359, 363–64 (Pa. Super. 2013)). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.*

Here, Mr. Johnson satisfied with the first three requirements for this Court to review the discretionary aspects of his sentence but failed the fourth. Mr. Johnson filed a timely appeal, requested reconsideration of his sentence,[3] and included a Rule 2119(f) statement in his brief. Mr. Johnson's Rule 2119(f) statement cites law about raising a substantial question and then concludes:

> Mr. Johnson argues that the lower court abused its discretion when it handed down concurrent sentences, when the charges in this case all took place from the same incident. Sentences with a lesser period of confinement could achieve the goals of the protection of the public and the rehabilitative needs of the defendant.

Mr. Johnson's Brief at 9.

Neither of Mr. Johnson's allegations presents a substantial question for review. First, the trial court's imposition of **concurrent** sentences resulted in an aggregate term that is not any longer than his longest individual sentence. Second, the Sentencing Code does not require a court to impose only the "minimum amount of confinement" consistent with the goals of sentencing. **Commonwealth v. Walls**, 926 A.2d 957, 965 (Pa. 2007) (observing that the legislature removed the "parsimony requirement" from the Sentencing Code in 1978). Because Mr. Johnson has not stated how his sentence violates the Sentencing Code or a fundamental norm of sentencing, he has not presented a substantial question for review. Mr. Johnson's second issue fails.

---

[3] Mr. Johnson's post-sentence motion asserted that there was insufficient evidence for the three crimes challenged above and stated, "The defendant hereby requests a Reconsideration of Sentence." This motion did not provide the trial court with any specific basis to reconsider Mr. Johnson's sentence.

**Denial of Requested Jury Instruction**

In his third issue, Mr. Johnson challenges the trial court's failure to instruct the jury on voluntary intoxication.  He argues that he would then have been able to present a defense of diminished capacity.

Mr. Johnson did not preserve an objection to the jury instructions at trial and therefore waived this issue.  ***Commonwealth v. Moury***, 992 A.2d 162, 178–79 (Pa. Super. 2010).  Notably, the trial court ***did*** instruct the jury about voluntary intoxication, in accordance with Pennsylvania law.  N.T., Trial, 10/17/23, at 125; ***see*** 18 Pa.C.S. § 308.  Furthermore, Mr. Johnson would not be entitled to a separate instruction on diminished capacity, as that defense is available only against a charge of murder of the first degree. ***Commonwealth v. Russell***, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citing ***Commonwealth v. Swartz***, 484 A.2d 793, 796 (Pa. Super. 1984)).  Mr. Johnson's final issue fails.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 04/10/2025

- 11 -